UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

MARIAMA JAH

      Plaintiff,

-against-

                **Index No:**
                **COMPLAINT**

THE CITY OF NEW YORK
AND POLICE OFFICER JOHN
AND/OR JANE DOE NUMBERS
1-10

      Defendants.
----------------------------------------X

  **NOW COMES** the Plaintiff, **MARIAMA JAH,** by and through her attorney, **RONALD PAUL HART, P.C.,** as and for his complaint against the Defendants, and respectfully shows to this Court and allege as follows:

## PARTIES

  1) That the Plaintiff, **MARIAMA JAH** (Hereinafter "Plaintiff"), is presently a resident of the City and State of New York.

  2) At the time of the occurrence of the incident, Defendant **POLICE OFFICERS JOHN/AND/OR JANE DOE NUMBERS 1-10,** were and still are residents of the City of New York.

  3) Upon information and belief, that at all times, hereinafter mentioned, the Defendant, **THE CITY OF NEW YORK,** was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State and City of New York.

  4) Upon information and belief, that at all times, hereinafter mentioned, the Defendant, **THE CITY OF NEW YORK,** its agents, servants and employees operated,

maintained and controlled the Police Department of the City of New York, and all police officers thereof, including defendant Police Officers **JOHN/JANE DOES 1-10 and Police Officer.**

5) Upon information and belief, at all times hereinafter mentioned, and on or prior to January 17th, 2012, Defendants, Police Officers **JOHN/JANE DOES 1-10**, were employed by Defendant, **CITY OF NEW YORK,** as police officers/Detectives and acted in their capacity as police officers.

6) This action arises both under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, Section 1983,1981, 1988, 1985(3) et seq. and state law for malicious prosecution, abuse of process, negligent infliction of emotional distress, negligent hiring, training, and supervision of police officers, permitting unlawful police practices, and racial discrimination, to name a few of the causes of action.

7) This action also arises under and the rights under the constitution and laws of the State and City of New York.

8) Each and all of the acts of the Defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, as individuals and in their official capacities as police officers under the color and pretense State law, the statuses, ordinances, regulations, customs and usages of the State of New York, the **CITY OF NEW YORK** and the County of new York, and under the authority of their office as police officers of said state, City and County.

9) The amount in controversy is **$75,000.00.** exclusive interest.

## AS AND FOR FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## 42 USC Section 1983:

10) The Plaintiff, **MARIAMA JAH,** hereby incorporates by reference each and every preceding paragraph 1-9 of this Summons and Complaint as though fully pled and re-alleged in their entirety below.

11) That on or about April 23rd, 2013, Plaintiff, **MARIAMA JAH** ("Hereinafter the plaintiff") was outside of her job located at 109-94 Colfax Street, Queens Village, NY 11429.

12) Plaintiff worked as a live in home care worker for the family for six years. Plaintiff was directly responsible for the care of/for a family with Alzheimer's disease.

13) Plaintiff noticed that the door was locked from the inside preventing her from going into the house which was unusual. Plaintiff was worried about the family's safety so she called the police for them to come and check out the premises.

14) When the police arrived, they had the people inside the house to open the door so that they could determine what was going on.

15) The senior citizen or disabled lady inside the premises that Plaintiff takes care of told the police that Plaintiff was fired and should be arrested because they made a complaint about her writing a check out of her husband's checkbook that they did not authorize, despite the fact that this very same couple had signed the check themselves.

16) Plaintiff tried to explain to the officers that this family had Alzheimer's and the check that was written out by her and signed by the husband was her weekly pay.

17) Plaintiff had a copy of the signed checks from previous weeks as well. The Police officer in complete disregard of any reason, good training and common sense still insisted

that Plaintiff go down to the Precinct. Once Plaintiff was at the Precinct, she was arrested and placed in a cell.

18)   Plaintiff spent approximately two (2) hours in jail.

19)   The police officers went back to the complainant's house. The police then showed the couple with Alzheimer's a copy of the checks that Plaintiff had given them as proof.

20)   The couple then, verified that they in fact issued the checks to the Plaintiff.

21)   The police released the Plaintiff around 3:00 PM that same day.

22)   Upon information and belief, the City of New York turns a blind eye and allows the Police to arrest its minority citizens on patently baseless charges as occurred by failing to instruct the Police to ascertain the facts before making an arrest.

23)   This pattern is exacerbated by the police unnecessarily arresting minority residents needlessly if they properly investigated the facts before making arrests.

24)   That the City of New York and police supervisory staff actually encourages the police make such arrest so as to pad their numbers.

25)   The Defendant, their agents, servants and employees failed to stop the above illegal conduct of falsely its minority citizens even when documented evidence is available, in the case the signed checks issues by the accuser would have prevented Plaintiff from being falsely arrested.

26)   That by reason of the aforesaid, the Plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain, and he was rendered sick, sore, lame and so remains by the actions of the Defendants, their agents, servants and employees.

27) Plaintiff seeks compensatory damages against the police for her arrest and punitive damages against any individually named police officer once their identities are revealed.

### AS AND FOR AN SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF MARIAMA JAH CIVIL RIGHTS ACTION 42 USC §§ 1985(3):

28) The Plaintiff, **MARIAMA JAH, a black female** hereby incorporates by reference each and every preceding paragraph 1-27 of this Summons and Complaint as though fully pled herein and re-alleged in their entirety below.

29) That on or about April 23rd, 2013, Plaintiff, **MARIAMA JAH** ("Hereinafter the plaintiff") was outside of her job located at 109-94 Colfax Street, Queens Village, NY 11429.

30) Plaintiff worked as a live in home care worker for an elderly couple for six years who suffered from Alzheimer's' disease.

31) When Plaintiff arrived at work, she noticed that the door was locked from the inside preventing her from going inside the house which was very unusual. Plaintiff was worried about the family's safety so she called the Police for them to come and investigate the premises.

32) When several white police officers arrived, they talked to the people inside the house.

33) These white Police Officers conspired among themselves an falsely alleged that their investigation determined that Plaintiff had forged her patients' checks.

34) Plaintiff tried to explain to these white officers that her patients have Alzheimer's Disease and the check that was issued to her was issued by the husband being her weekly pay.

35) Plaintiff produced a copy of the signed checks from previous weeks as well. The Police officer still insisted that she nevertheless come down to the precinct. Once she arrived at the precinct, the white police officers arrested her, a black female without probable cause and placed her in a cell for many hours.

36) The police officers realizing they made an egregious mistake in falsely arresting Plaintiff went back to complaint's house. The police showed the couple the copy of the checks that Plaintiff had as proof.

37) This couple then, verified that they in fact wrote the checks out.

38) They released the Plaintiff around 3:00 PM that same day. Plaintiff's arrest occurred because white police officers conspired to deprive her, a black female of her constitutional rights.

39) That the action and conduct the police were motivated by racial animus towards the Plaintiff being a black female.

40) Upon information and belief, the police do not treat their white citizens in the same manner they treat their black citizens.

41) Upon information and belief, had Plaintiff been white, it is doubtful Plaintiff would have been arrested. Instead, the police would have verified Plaintiffs statements to ascertain if the party was telling the truth.

42) That as a result of Defendant's conduct in falsely arresting Plaintiff, she has suffered emotional and psychological damages.

6

## AS AND FOR THE THIRD CAUSE OF ACTION
## ON BEHALF OF MARIAMA JAH FOR RACIAL DISCRIMINATION
## PURUSANT TO 42 USC SECTION 1981:

43) The Plaintiff, **MARIAMA JAH**, hereby incorporates by reference each and every preceding paragraph 1-42 of this Complaint as though fully plead and re-alleged in their entirety below.

44) That on or about April 23rd, 2013, Plaintiff, **MARIAMA JAH** ("Hereinafter the plaintiff") was outside of her job located at 109-94 Colfax Street, Queens Village, NY 11429.

45) Plaintiff worked as a live-in home care worker for an elderly couple for six years who suffered from Alzheimer's' Disease.

46) When Plaintiff arrived at work, she noticed that the door was locked from the inside preventing her from going inside the house which was very unusual. Plaintiff was worried about the family's safety so she called the Police for them to come and investigate the premises.

47) When several white police officers arrived, they talked to the people inside the house.

48) The white Police Officers conspired among themselves an falsely alleged that their investigation determined that Plaintiff had forged her patients' checks.

49) Plaintiff tried to explain to these white officers that her patients have Alzheimer's Disease and the check that was issued to her was issued by the husband being her weekly pay.

50) Plaintiff produced a copy of the signed checks from previous weeks as well. The Police officer still insisted that she nevertheless come down to the precinct. Once she arrived

at the precinct, the white police officers arrested her, a black female without probable cause and placed her in a cell for many hours.

51) The police officers realizing they made an egregious mistake in falsely arresting Plaintiff went back to complaint's house. The police showed the couple the copy of the checks that Plaintiff had as proof.

52) This couple then, verified that they in fact wrote the checks out.

53) They released the Plaintiff around 3:00 PM that same day. Plaintiff's arrest occurred because white police officers conspired to deprive her, a black female of her constitutional rights.

54) That the action and conduct the police were motivated by racial animus towards the Plaintiff being a black female.

55) The NYPD does not treat its black citizens the same way it treats its white citizens.

56) Upon information and belief, had Plaintiff been white, it is doubtful Plaintiff would have been arrested. Instead, the police would have verified Plaintiffs statements to ascertain if the party was telling the truth.

57) That as a result of Defendant's conduct in falsely arresting Plaintiff, she has suffered emotional and psychological damages.

58) Plaintiff has suffered mental and emotional upset and has been damaged to her detriment.

### AS AND FOR THE FOURTH CAUSE OF ACTION
### ON BEHALF OF MARIAMA JAH
### FOR ATTORNEY FEES PURUSANT TO 42 USC SECTION 1988

59) The Plaintiff, **MARIAMA JAH,** hereby incorporates by reference

Each and every preceding paragraph 1-58 of this Summons and Complaint as though fully plead and re-alleged in their entirety below.

60) That should Plaintiff be successful in her claim against the police for the wrongful occurrences that occurred on April 29th, 2013, Plaintiff, **MARIAMA JAH** ("Hereinafter the plaintiff"), will seek attorney fees for same.

61) **WHEREFORE** by reason of the aforesaid violations, the Plaintiff requests the Following relief:

   a. Compensatory damages in the sum, which exceeds the jurisdictional limits of all lower courts for all causes of action.

   b. Punitive damages against the individually name police officers in the sum, which exceeds the jurisdictional limits of all lower courts as against the individually named Defendants.

   c. An award of reasonable attorney's feed, costs and disbursements;

   d. Plaintiff requests a trial by jury of all issues involved in this complaint;

   e. Such other and further relief as this Court may deem just, meet and proper under the circumstances.

Dated: New York, NY 10007
       February 25, 2015

*Ronald Paul Hart*
Ronald Paul Hart, Esq.
225 Broadway, Suite 2515
New York, NY 10007
Tel: (212) 766-1443
Fax: (212) 766-0943
Email: ronaldphartesq@gmail.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MARIAMA JAH

           Plaintiff,

-against-

THE CITY OF NEW YORK
AND POLICE OFFICER JOHN
AND/OR JANE DOE NUMBERS
1-10

           Defendants.

Index No:
**COMPLAINT**

---

RONALD PAUL HART, ESQ.
Attorney(s) for the PLAINTIFF
225 Broadway Suite 2515
New York, New York 10007
Tel. (212)766-1443

---

To: ALL COUNSEL
Attorney(s) for
THE DEFENDANTS:

Service of a copy of the within SUMMONS AND COMPLAINT

_____
Attorney(s) for THE PLAINITFFS

Counselor(s): Please Take notice

*NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered order in the office of the clerk of the within named court on

*NOTICE OF SETTLEMENT*
that an order for of which the within is a true copy will be presented for settlement to the HON. one of the justices of the within named Court at the within is a (certified) true copy of a duly entered